IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIFFANY A. LEFLORE                                                                                      PLAINTIFF

      v.                           Civil No.  14-5281

DR. MULLINS; NURSE RHONDA
BRADLEY; NURSE RHONDA
MESCHEDE; CORPORAL ANNA
DONAHUE; SHERIFF TIM HELDER;
and OFFICER GOOD                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

When Plaintiff filed this case, she was incarcerated at the Washington County Detention Center (WCDC).  While there, she alleges she was denied adequate medical care by the Defendants.  Plaintiff is currently incarcerated in the Carswell Federal Medical Center, in Fort Worth, Texas.

The case is before me on a Motion to Dismiss (Doc. 12) filed by the Defendants. Plaintiff has not responded to the Motion.

### I.  BACKGROUND

According to the allegations of the complaint, Plaintiff was transferred from the Sebastian County Detention Center (SCDC), on some unspecified date, to the WCDC.  While at the SCDC, Plaintiff was, for approximately eight months, on various medications due to depression, anxiety, Post-Traumatic Stress Disorder (PTSD), seizures, having a metal plate in her left shoulder, and

-1-

arthritis in her left hip.  She also alleges she had been approved to see the eye doctor and had been to the dentist once but needed to go back because of a loose tooth with the nerve exposed.

Plaintiff alleges Dr. Mullins refused her medication and said he did not have to follow the treatment of another doctor.  While Dr. Mullins did prescribe her a seizure medication, she states it made her sick and he would not change it.

With respect to Nurse Bradley, Plaintiff alleges she was assisting Dr. Mullins.  According to Plaintiff, Nurse Bradley had the medical records from the SCDC, but agreed with Dr. Mullins that Plaintiff did not need those medications.  Plaintiff alleges Nurse Bradley also refused her dental treatment, threatened to put her in isolation, humiliated her, and embarrassed her.

Plaintiff maintains Nurse Meschede sat there doing nothing while Plaintiff was crying and begging for her medication.  Further, Plaintiff states she was refused contact information for the United States Marshal Service (USMS).  Plaintiff indicates the USMS had a hold on her.

With respect to Corporal Donahue, Plaintiff contends that she ignored the Plaintiff's request for contact information for the USMS.  This was true despite the fact that Plaintiff was in the hall crying at the time.  With respect to Sheriff Helder, Plaintiff alleges he is responsible for the WCDC, how it runs, and the conduct of his employees.  Finally, Plaintiff alleges that on August 28, 2014, Officer Good brought the noon medication.  When Plaintiff refused to take two medications together (Benadryl and Dilantin), Plaintiff alleges Officer Good  told her that if she did not take the medication, she would be moved to isolation.  Plaintiff then took the medication.

## II.  APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6),

-2-

'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

### III. DISCUSSION

Defendants present the following arguments: (1) no plausible official capacity claim is stated; (2) no plausible individual capacity claims are stated against Dr. Mullins, Nurse Bradley, and Nurse Meschede and/or they are entitled to qualified immunity; (3) no plausible individual capacity claim is stated against Sheriff Helder and/or he is entitled to qualified immunity; (4) no plausible individual capacity claim is stated against Corporal Donahue and/or she is entitled to qualified immunity; and, (5) no plausible individual capacity claim is stated against Officer Good and/or he is entitled to qualified immunity.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999).

The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

"To establish a constitutional violation based on inadequate medical care, [a pretrial detainee] must show that he suffered from a medical need that was objectively serious." Christian v. Wagner, 623 F.3d 608, 613 (8th Cir. 2010). He must also show that the Defendants exhibited deliberate indifference to his serious medical needs. Id. (Standards under the Eighth Amendment and the Fourteenth Amendment impose analogous duties on jailers to care for detainees). Defendants must actually know of the need but deliberately disregard it. Id.

### A. Official Capacity Claims

"Official-capacity liability under 42 U.S.C. § 1983 occurs when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Turner v. Mull, 784 F.3d 485, 489 (8th Cir. 2015)(internal quotation marks and citation omitted). Plaintiff "may prevail on his official-capacity claims by identifying a policy that constitutes either deliberate indifference to medical needs or punishment." Id. (internal quotation marks and citation omitted).

Construing the complaint liberally, as we must, the Plaintiff has not alleged facts suggesting that the Defendants acted pursuant to a policy or custom of Washington County when they allegedly denied her adequate medical care. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims). The Defendants are entitled to dismissal of the official capacity claims.

**B. Individual Capacity Claims against Dr. Mullins, Nurse Bradley, and Nurse Meschede**

As discussed above, to prevail on a denial of medical care claim, the Plaintiff must show: (1) the existence of an objectively serious medical need; and, (2) that Defendants knew of and deliberately disregarded. Vaughn v. Gray, 557 F.3d 904, 908-09 (8th Cir. 2009). Defendants' mental state must be akin to criminal recklessness. Id. This standard is not met by the exercise of professional judgment in refusing to implement an inmate's requested course of treatment. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(constitutional violation cannot rest on mere disagreement with treatment decisions); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)(inmates have no constitutional right to particular course of treatment, and doctors are free to use their own medical judgment); Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997)(prison doctors not deliberately indifferent where they treated the prisoner and offered sensible medication). Similarly, "[m]erely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." Jackson v. Buckman, 756 F.3d 1060, 1065-66 (8th Cir. 2014)(citations omitted). To constitute deliberate indifference, "[a]n inmate must demonstrate that a prison doctor's actions were so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Id. at 1066 (internal quotation marks and citation omitted).

Here, Plaintiff has alleged that the Medical Defendants were aware of the medications she was taking at the SCDC but that Dr. Mullins determined the medications were unnecessary. This is nothing more than a disagreement with a treatment decision. Plaintiff has alleged that the nurses merely "agreed" with Dr. Mullins. No plausible individual capacity claims has been

-5-

stated against the Medical Defendants. This determination makes it unnecessary to address whether or not Defendants are entitled to the protection afforded by qualified immunity.

### C. Individual Liability Claim Against Sheriff Helder

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. See Monell v. Department of Social Services, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994); see also Whitson v. Stone County Jail, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability")(internal quotations omitted); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that Sheriff Helder was involved in anyway with the decision of what medical treatment Plaintiff should be given. Plaintiff has not alleged that she communicated in anyway with Sheriff Helder regarding any of her grievances or complaints. No plausible individual capacity claim has been stated against Sheriff Helder. This finding makes it unnecessary to determine if Sheriff Helder would be protected by qualified immunity.

### D. Claims against Corporal Donahue

Plaintiff alleges she was crying in the hall and asked Corporal Donahue to have Plaintiff moved by the USMS due to medical neglect. Plaintiff alleges Corporal Donahue ignored her request.

No claim of constitutional dimension is stated. Prisoners have no constitutional right to remain in a particular institution or to dictate when, or whether, they should be transferred to another institution. See .e.g, Murphy v. Missouri Dep't of Correction, 769 F.2d 502, 503 (8th Cir. 1985)(citations omitted).

### E. Claims against Officer Good

Plaintiff alleges that on August 28, 2014, Officer Good, during noon medication distribution, advised Plaintiff that she must take two medications together despite her objection to this. Plaintiff indicates she was told if she did not take the medication she would be sent to isolation.

No claim of constitutional dimension is stated. This occurred on a single occasion. Plaintiff does not allege that she suffered any adverse reaction or that she needed medical treatment as a result of having taken the two medications together. Cf. Zentmeyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000)(the occasional missed dose of medicine, without more, does not violate the Eighth Amendment); Sires v. Berman, 834 F.2d 9, 13 (1st Cir. 1987)(inmate with heart condition missed a morning dose of medication; no showing that this was an instance of callous disregard in the face of a pressing medical emergency); Herndon v. Whitworth, 924 F. Supp. 1171 (N.D. Ga. 1995)(occasional missed doses of medication do not implicate the Constitution).

## IV.  CONCLUSION

For the reasons stated, I recommend that Defendants' Motion to Dismiss (Doc. 12) be **GRANTED** and this case dismissed without prejudice.  The dismissal of this action will constitute a strike under 28 U.S.C. § 1915(g) and the Clerk should be directed to place a strike flag on the case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of July, 2015.

>                /s/ *Mark E. Ford*
>                HON. MARK E. FORD
>                UNITED STATES MAGISTRATE JUDGE